268 So.2d 725

A. Jack ALLISON

v.

ACTON–ETHERIDGE COAL CO., INC., a
corporation, and Clinton Starks.

6 Div. 948.

Supreme Court of Alabama.

Sept. 28, 1972.

Rehearing Denied Nov. 9, 1972.

Norman & Fitzpatrick, Birmingham, for appellees.

---

Francis H. Hare, Birmingham, for appellant.

HARWOOD, Justice.

A. Jack Allison sustained rather severe injuries in a collision involving his auto-

mobile and a coal truck belonging to Acton-Etheridge Coal Company, Inc., which at the time was being driven by Clinton Starks, an employee of the coal company.

The collision occurred at or near an intersection in the City of Birmingham.

Thereafter Allison filed suit against Acton-Etheridge and its employee Starks. The cause was submitted to the jury on two counts, one charging negligence, and the other charging wantonness.

The jury returned a verdict for the defendants, and judgment pursuant to the verdict was entered.

His motion for a new trial being overruled, Allison perfected this appeal.

Since the only point argued on this appeal relates to an alleged improper argument by counsel for the defendant (appellee) only a thumbnail sketch of the facts need be set out.

The evidence presented by the plaintiff (appellant) was directed toward showing that while his automobile was at a standstill in his proper lane the coal truck collided head on with it, knocking it over into the lane used by the truck; that it was dark at the time, and the truck had no lights burning. The plaintiff's evidence further tended to show that immediately after the accident neither of the headlights of the truck would burn, and that in one of the headlights "there was no mechanism inside the headlight."

The evidence presented by the defendants tended to show that the plaintiff's automobile was not at a standstill at the time of the collision, but in fact had veered from its lane over into the lane into which the truck was being properly driven, with the resulting head on collision. The defendants' evidence tended further to show that the point of impact was in the truck's lane, and that both vehicles were in the truck's lane after the collision, and that at the time of the collision there was sufficient daylight to drive by without the necessity of lights.

The appellant has made seven assignments of error. Assignment of error 1 is to the effect that the court erred in overruling appellant's motion for a new trial. Assignments 2, 3, 4, 5, and 7 clearly specifically assert error in the action of the court in overruling the motion for a new trial on those grounds going to the improper argument.

Assignment of error 6 is as follows:

"6. For that the court erred in overruling plaintiff's motion for a new trial on the ground that the verdict was so contrary to the great weight of the evidence as to indicate and show bias or prejudice on the part of the jury in favor of the defendants and against the plaintiff."

 At the threshold of his argument counsel for appellees contends that since the argument of counsel for the appellant is directed solely toward the alleged improper argument of appellees' counsel, and not toward the verdict being so contrary to the weight of the evidence as to indicate bias, it must be deemed that counsel for appellant has waived assignment of error 6 as being without merit. Counsel for appellees then asserts that the assignments of error are being grouped for argument, and one being without merit, consideration of all of appellant's assignments should be pretermitted. See Milwaukee Mechanic Ins. Co. v. Maples, 37 Ala.App. 74, 66 So. 2d 159; Christ v. Spizman, 33 Ala.App. 586, 35 So.2d 568.

However, the rule is that if assignments argued in bulk are so related as to present a single question, it is proper to group them for argument, and even if one of the assignments be not well taken, review of the other assignments will not be pretermitted. Boohaker v. Trott, 274 Ala. 12, 145 So.2d 179. We consider all of the assignments of error made by the appellant to be sufficiently related and properly argued in bulk.

■ All of the assignments assert error in the action of the court in overruling the motion for a new trial, and all relate to the improper argument, or the verdict being the result of bias or prejudice. It is of course well settled that an assignment of error asserting that the court erred in overruling a motion for a new trial is a vicarious assignment as error of every well stated ground of the motion for a new trial which is adequately brought forth and argued in brief. Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37; National Life & Accident Ins. Co. v. Allen, 285 Ala. 551, 234 So.2d 567.

In connection with the question of the improper argument by counsel for appellees the record shows the following which occurred shortly after counsel for appellees had begun his argument:

MR. NORMAN [attorney for defendant]: * * *

It's a great thing, folks, to be a very wealthy man and to be able to go out here and hire two law firms with four lawyers—

MR. HARE [attorney for plaintiff]: Just a minute. Just a minute. Just a minute, please, sir. Read this last argument. I want to make an objection to it.

(Whereupon the Court Reporter read the pending argument as requested.)

MR. HARE: We object to that.

THE COURT: I sustain the objection. Ladies and Gentlemen, I will say now that arguments of counsel is not evidence in this case. You are going to be called upon to decide this case from the facts that you hear from the witness stand, so don't consider—of course, that is not evidence, and I sustain your objection to that type argument.

MR. HARE: One other thing.

MR. NORMAN: We reserve an exception.

THE COURT: All right.

MR. HARE: You told them not to consider it evidence. I ask to charge them as improper argument.

THE COURT: I am going to say—I am asking him not to argue that anymore along those lines. Now go ahead.

In his oral charge to the jury the court made the following statement to the jury:

"I told you during the trial of this lawsuit that remarks made among counsel was not evidence in the case. Their arguments is not evidence in the case. It is their duty. It is their right to represent their clients to the best of their ability, and these gentlemen have done that. They have represented their client. That is their duty to do that.

"But as I say, you decide this lawsuit from the facts that you hear from the witness stand along with the exhibits that have been introduced in this lawsuit. You are not to decide this lawsuit upon any sympathy for anyone, nor are you to decide this lawsuit upon any prejudice against anyone, and you are not to go back there and guess, surmise."

It is to be noted that the above instruction in no wise refers to the impropriety of defendant's counsel's reference to the plaintiff as a very wealthy man.

■ There are numerous decisions by this court, and the former Court of Appeals relating to the impropriety of argument of counsel for a plaintiff referring to the wealth of a defendant or the poverty of a plaintiff. We have not however found a case in this jurisdiction concerning a reference by defense counsel to the wealth of a plaintiff. Since the sine qua non of a trial is to obtain a true verdict or judgment based alone upon the evidence, any reference to wealth or economic condition of a party by opposing counsel is as invidious and prejudicial in the one instance as the other.

An excellent discussion on the question of improper argument to a jury is to be

found in the often cited opinion of Crum, J., in Alabama Fuel & Iron Co. v. Benenante, 11 Ala.App. 644, 66 So. 942. Therein are gathered and discussed many of the Alabama cases on this question up to the time of that 1914 decision.

The following general principles were set forth by Judge Crum with quotations from supporting authorities, which citations we will omit.

> "* * * When an attorney in the heat of debate, goes to such extraordinary lengths, generally, the court should promptly set aside any verdict that may be rendered for his client. The repressive powers of a court, to prevent such departures from legitimate argument of a cause before a jury, should be vigorously applied. No mere statement that it is out of order or improper can meet the exigencies of the case.

> \* \* \* \* \* \*

> "Nothing short of a prompt, emphatic disapproval of such line of argument, and that from the court itself, can avert the probable mischief.

> \* \* \* \* \* \*

> "The correction should have been as broad as the error committed."

In Watson v. Adams, 187 Ala. 490, 65 So. 528, it was held that the mere exclusion of illegal evidence of insurance indemnity without more would not suffice to remove the high prejudice of its wrongful admission. The court noted that the obligation of the court to remove all possible prejudice from the minds of a jury enhanced in proportion to the subtle influence the prejudice might exert on the minds of the jury.

In the later case of Standridge v. Martin, 203 Ala. 486, 84 So. 266, the court was concerned with an improper statement by counsel as to insurance. This statement was perfunctorily excluded with an announcement by the court that such statement was improper. It was held that this action by the court was insufficient to re-move the insidious poison which might result in a verdict awarding damages to be visited not upon the defendant, but upon some invisible corporation whose business it was to pay such damages.

In Pearson v. Birmingham Transit Co., 264 Ala. 350, 87 So.2d 857, the court declared that reference in argument emphasizing insurance carried by one's opponent was ineradicable. The court went on to declare the following general principles:

> "An important question is whether plaintiff can take advantage of that situation by a motion for a new trial unless he made a motion for a mistrial, when it occurred. But defendant should not have the privilege of voluntarily forcing the plaintiff either to move for a mistrial and thereby cause a continuance of his case, or accept the consequences of illegal matter prejudicial and ineradicable in effect. The rule is that a party so adversely affected may have a new trial on that account without having made a motion for a mistrial. But to be so, its influence must be ineradicable." 264 Ala. at 353, 87 So.2d at 859 (citations omitted).

While the above case dealt with the poisonous effect of injecting insurance into argument rather than an opponent's wealth, we can discern little difference between a reference to an opponent's protection by insurance, and a reference to his wealth. The issues of liability for damages, or entitlement to damages, must validly be determined by the rules of legal liability applicable, and not upon the economic condition of either party, or the degree of burden that might result from a verdict or judgment.

But our conclusions need not rest upon the analogy of the poisonous effect of a reference to insurance to that of wealth of an opponent, for in Pryor v. Limestone Co., 225 Ala. 540, 144 So. 18, this court condemned as ineradicably prejudicial a reference in argument to an opponent's wealth.

This case involved a proceeding by Limestone County to condemn lands apparently belonging to minors. A judgment of condemnation without damages was rendered in the lower court and the landowners appealed. The judgment was reversed and remanded by this court in a short opinion by the late Chief Justice Anderson. He wrote:

"In arguing this case to the jury, counsel for appellee [Limestone County] said:

'Gentlemen, these rich little children have no complaint against Limestone County; by taking this land the county has made them richer.'

"This argument was highly improper, and notwithstanding the trial court sustained appellants' objection to the same, and instructed the jury not to consider said argument, it is of that character which is so poisonous as to be almost immune from eradication." (citations omitted)

We take Judge Anderson's observation that the reference in argument to the wealth of the Pryor children was of a character as to be "almost immune from eradication" to mean that such reference is ineradicable. Certainly such conclusion is necessitated in view of the reversal of the judgment solely on that point.

■ It must be remembered that in the present case the court at no time instructed the jury that the argument made by defense counsel was improper, but after sustaining the objection merely told the jury that argument of counsel was not evidence in the case, and upon counsel for the plaintiff requesting instructions that the argument was improper only replied: "I am asking him not to argue that anymore along those lines. Now go ahead."

Nor can the rather general instructions in his oral charge that remarks of counsel were not evidence, and that the jury was not to decide the case upon sympathy for anyone, or prejudice against anyone be deemed to have eradicated the error of the argument since under our cases we think the argument must be deemed ineradicable.

Counsel for appellees-defendants seeks to justify his statement in argument that the plaintiff was a very wealthy man through several contentions.

He argues that Mr. Wynn, who made the opening argument for the plaintiff, was highly critical of defense counsel's opening statements to the jury, and also had questioned defense counsel's fairness in several aspects in conducting the defense. Counsel for defendants states in his brief that his plan to offset this type of criticism was to heap praise upon the attorneys for the plaintiffs, and that his statements as to plaintiff's wealth and his ability to employ two law firms was but a preamble to his complimentary remarks. We do not question counsel's statement as to his intentions. But we of course must consider the argument as it appears in the record devoid of counsel's intentions in connection therewith. They were not announced at the time, and in fact counsel took an exception to the court's action in sustaining the plaintiff's objection to the argument. Even had counsel's intentions been not interrupted, the prejudice to the plaintiff would have remained despite any praise heaped upon his counsel.

Counsel for the defendants next asserts that (a) he had a right to make the offending statement, and (b) his argument was a reply in kind.

Counsel asserts he had a right to make the statement that the plaintiff was a very wealthy man since the plaintiff, in an effort to prove his loss of earnings, and loss of future earnings, had introduced evidence to show that plaintiff's earnings before the accident had been in the neighborhood of $52,000.00 per year, and since the accident he had suffered a substantial reduction in salary, and also in the gross earnings of his family owned business. Further in his opening statement Mr. Wynn, counsel for the plaintiff, had re-

ferred to the loss of earnings by the plaintiff, and his permanent disability as affecting future loss of income based on the life expectancy of the plaintiff.

■ In an action for a tort a plaintiff may recover for the impairment of his earning capacity and for time lost from his business by reason of the wrong complained of, and evidence of average earnings is admissible as affording a basis for the estimate of damages in such cases. Birmingham Electric Co. v. Cochran, 242 Ala. 673, 8 So.2d 171; Hiller v. Goodwin, 258 Ala. 700, 65 So.2d 152.

■ Counsel for the plaintiff having the right to introduce such evidence of course had the right to argue the inferences from such evidence. Counsel for the defendant had the same right.

■ Counsel for the defendant at the time he made the statement as to the wealth of the plaintiff had just begun his argument. He was not at the time arguing evidence, or reasonable inferences therefrom.

■ Nor do we consider the questioned argument a reply in kind. The argument made by Mr. Wynn was permissible argument based on the evidence or reasonable inferences therefrom.

Defense counsel's statement was prejudicial and conclusionary, and cannot be considered as properly in reply to Mr. Wynn's argument nor in rebuttal to Mr. Wynn's argument. See Cook v. Latimer, 274 Ala. 283, 147 So.2d 831; Williams v. City of Anniston, 257 Ala. 191, 58 So.2d 115.

For the reasons stated above it is our conclusion that this judgment must be reversed, and it is so ordered.

Reversed and remanded.

HEFLIN, C. J., and BLOODWORTH, MADDOX, McCALL and SOMERVILLE, JJ., concur.