289 So.2d 603

R. C. DENDY, as Administrator of the Estate of Juanita Marie Dendy, Deceased

v.

EAGLE MOTOR LINES, INC., a corp., and James Wayne Turner.

SC 422.

Supreme Court of Alabama.

Jan. 31, 1974.

Hanson & Allen, Albertville, for appellant.

Inzer, Suttle, Inzer & Pruett, Gadsden, for appellees.

FAULKNER, Justice.

This is an appeal from the Circuit Court of Marshall County by the administrator of the estate of Juanita Marie Dendy, brought for the wrongful death of Juanita Marie Dendy.

Juanita Dendy lost her life on January 13, 1973, when a car she was driving collided with a truck on the Warrior River Bridge on Highway 75. From the evidence it appears that when the truck being driven north by James Wayne Turner, collided with the Dendy car, moving south, the car was in the lane of the oncoming truck. The testimony of Turner and the State Trooper investigating the accident tended to show that the Dendy car skidded into the truck. The trial court let the case go to the jury on the simple negligence count because there was some evidence that the truck was exceeding the speed limit at the time of the accident. The court gave the general affirmative charge on the wanton counts, the jury returned a verdict for the defendant, and the trial court entered judgment in accordance therewith.

Dendy argues that the trial court should not have given the general affirmative charge to Counts 3 and 4 charging wanton misconduct. There is no assignment of error related to the action of the court in giving the affirmative charge; therefore, no question is reserved for decision. We cannot review an alleged error which is not set out in the Assignments of Error. Halle v. Brooks, 209 Ala. 486, 96 So. 341 (1923).

Even though an alleged error is argued in brief, it does not invite consideration of the appellate court unless it is supported by an assignment of error. Crossley v. Davies, 253 Ala. 275, 44 So.2d 439 (1950).

Assignments of Error Numbers 1, 5, and 12 assert that certain remarks of the trial judge during the course of the trial prejudiced Dendy's case. There was no objection made or exception taken to any remark of the judge. Hence, there is nothing to review. State v. Boyd, 271 Ala. 584, 126 So.2d 225 (1961). In passing, we note that the trial court instructed the jury in his oral charge, "Please do not infer from anything I've said or anything that I've done, any ruling I've made, any comment I've made, any facial expression, any grimace or anything at all that I feel one way or the other about the facts in this case, because it is the duty of the Court not to influence you about the facts."

Assignment of Error Number 4 refers to page 87 of the transcript. We find no ruling by the trial court on that page. Consequently, nothing is presented for review.

■ Assignments of Error 2, 3, 6, 7, 8, 9, 10, 11, 13, 14, 17 and 18 relate to objections sustained to questions asked of Dendy's expert witness, Andrew Payne. It is difficult to relate the argument and assignments of error here since no assignments of error are mentioned or designated in Dendy's brief and only pages of the transcript are referred to. Some pages referred to contain two or more rulings on objections to questions. It is hard to follow the points of Dendy's contentions. However, each of the questions except the question involved in Assignment 13, is of the hypothetical variety. It has long been the opinion of this court that such questions are largely committed to the discretion of the trial court. Mr. Payne testified extensively about the scale models placed in evidence, the photographic evidence of Dendy, the physical characteristics of the accident scene and its approaches, the deductions possible from the nature of the damage to the vehicles, and the point on the bridge where the impact occurred and the angle at which the vehicles collided. The pages cited by Dendy in brief can refer only to Assignments 2, 7, 9, 10, 11, 13, 17 and 18. Assignments 3, 6, 8, 14, 15 and 16 are not argued and are deemed waived. Supreme Court Rule 9, Code of Alabama 1940, Recompiled 1958, Title 7. Alabama Power Co. v. Johnson, 281 Ala. 259, 201 So.2d 514 (1967). ·

■ Assignments 2, 7, 9, 10, 11, 17 and 18 refer to hypothetical questions asked of an expert. "The frame and substance of hypothetical questions to expert witnesses is a matter largely committed to the sound discretion of the trial court." Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 So. 604 (1914); Lehigh Portland Cement Co. v. Dobbins, 282 Ala. 513, 213 So.2d 246 (1968).

■■ Assignment 13 refers to a series of questions which elicited from the expert testimony of the general law of physics as applied to sliding vehicles. It does not appear that this testimony was at any time connected to the testimony or the facts of the case. An expert's opinion must be relevant to a material fact in the case and his opinions on general propositions are not admissible because irrelevant. Sovereign Camp, W. O. W. v. Davis, 242 Ala. 235, 5 So.2d 480 (1941).

■ Assignment 19 deals with the closing argument of Dendy's attorney. The assertion is made that counsel should have been allowed to quote law or decisions of the Supreme Court of Alabama. While it may have been permissible for counsel to quote the law, the trial judge in his discretion has control of arguments of counsel and this reviewing court will not interfere with that discretion except in cases of abuse. City of Anniston v. Oliver, 28 Ala.App. 390, 185 So. 187 (1938); Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970).

■ Here the record of closing argument is incomplete although Dendy's counsel asserts that he requested the court reporter to make this a part of the record. Where the record is incomplete this court will not presume an abuse of discretion by the trial court in the exercise of that discretion. In this instance, the fragmentary record of the proceeding at this critical point is insufficient to command review. Shelby County v. Baker, 269 Ala. 111, 110 So.2d 896 (1959).

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.