WRIGHT, Presiding Judge.
Plaintiff recovered verdict and judgment for $8,000 in an action for malicious prosecution. Defendant appeals charging error in denial of his motions for directed verdict, judgment notwithstanding the verdict and for new trial.
Plaintiff for several months was a supervising employee of a partnership called Happy Home Foamers. Defendant was one of the partners. Plaintiff, with the consent of one or both partners, stored various items on his property. Viewed most favorably to the plaintiff, there was evidence that a large number of bags of cellulose were stored in the home of plaintiff. Due to lack of business, plaintiff terminated his employment. Defendant thereafter came with other employees to the home of plaintiff and demanded the cellulose. Plaintiff refused to allow him to take it, stating that he would keep it until he was paid wages and commissions owed him by the partnership. After argument, discussion of settlement and consultation with police officers who were called, defendant left without the cellulose and other items.. Defendant in the following few days sought aid for recovering his property by talking with police officers,' district attorney and a municipal judge. A warrant was obtained for plaintiff’s arrest from the District Court of Mobile County. The municipal judge became and continues as defendant’s counsel. The warrant charged embezzlement of the items allegedly in possession of plaintiff. Plaintiff was arrested, jailed and subsequently made bond. At the later call of the case for trial, an agreement was made that the items would be given to defendant and a nolle pros was entered. Plaintiff subsequently brought this action.
Defendant’s contentions on appeal are that the evidence conclusively established the defenses of probable cause and advice of counsel.
One of the elements of an action for malicious prosecution which a plaintiff must establish by the evidence is that of absence of probable cause. Birwood Paper Co. v. Damsky, 285 Ala. 127, 229 So.2d 514 (1969). Probable cause is defined in Birwood as, “[S]uch a state of facts in the *186 mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty." The issue then is whether the evidence showed the facts to be so undisputed as to present only a question of law as to whether defendant had or had not probable cause for swearing out a warrant for embezzlement. If the material facts from which the inference of probable cause are to be drawn are in dispute, the issue must go to the jury. S. S. Kresge v. Ruby, 348 So.2d 484 (Ala.1977); Key v. Dozier, 252 Ala. 631, 42 So.2d 254 (1949).
The material facts of the dispute between plaintiff and defendant were in conflict. It therefore became a jury question as to whether defendant, from the facts known to him, had or had not probable cause to believe plaintiff guilty of the offense of embezzlement. Hanson v. Couch, 360 So.2d 942 (Ala.1978).
Advice of Counsel
Defendant contends that he was entitled to a directed verdict because it was shown that he secured the warrant against plaintiff upon the advice of counsel.
It is the law of this state that advice of counsel, honestly sought and acted on in good faith, supplies an indispensable element of probable cause and is a complete defense to an action for malicious prosecution. Broussard v. Brown, 353 So.2d 804 (Ala.Civ.App.1978); Birwood Paper Co. v. Damsky, supra. However, to prevail on thaj; defense, it must be shown factually that the attorney’s advice was given after a full and fair statement of all the facts and circumstances known to the prosecutor. Broussard v. Brown, supra; Birwood Paper Co., supra. It is undisputed that defendant consulted with a district attorney and with a municipal judge, among others, before securing the warrant. However, the testimony of defendant as to the information he gave counsel is very limited and, in part, is in conflict with the testimony of plaintiff. The evidence does not. conclusively show that defendant gave a full and fair statement of all the facts and circumstances known to him. If the material facts are in dispute and defendant’s testimony is that he related only his version of the facts to counsel, it must be a jury question as to whether advice of counsel came after a full and fair disclosure of facts known to him. The issue of a “full and fair statement” to counsel is usually one for the jury. Hanson v. Couch, supra; Abingdon Mills v. Grogan, 175 Ala. 247, 57 So. 42 (1911).
There being a factual dispute bearing on both the lack of probable cause and the defense of advice of counsel, we find that the trial court did not err in refusing to grant defendant’s motions for directed verdict and for judgment notwithstanding the verdict. When rendered, jury verdicts are presumed to be correct and this presumption is strengthened by the trial court’s refusal to grant a motion for new trial. Shores v. Terry, 285 Ala. 417, 232 So.2d 657 (1970). On appeal, this court will not reverse such a refusal unless the preponderance of evidence against the verdict is so decided as to clearly convince the court it is wrong. Britton v. Doehring, 286 Ala. 498, 242 So.2d 666 (1970). We cannot find the preponderance of the evidence so clearly against this verdict as to justify reversal.
Defendant contends the trial court erred in taking his defense of truth from the jury. It does not appear from the record that defendant made any objection to the court’s charge to the jury or that he otherwise raised this point before the trial court. This court will not reverse on the basis of an issue not raised and ruled on below. McGugin v. McGugin, 357 So.2d 347 (Ala.Civ.App.1978); Rule 51, ARCP.
Defendant urges improper remarks by plaintiff’s counsel in closing argument as his final ground for reversal. The challenged remark is as follows:
Mr. Bedsole: He’s filed other civil lawsuits. Mr. Saliba told you that. He knows how to file ’em. That’s what he could have done here. But what did he choose to do? He chose to go down and make up a bunch of stories to the Judge and to the District Attorney.
*187 The defendant contends that this argument is without basis in the evidence. In the matter of an attorney’s argument to the jury, much must be left to the enlightened judgment of the trial court, with presumptions in favor of its rulings. Dendy v. Eagle Motor Lines, Inc., 292 Ala. 99, 289 So.2d 603 (1974). The trial court is in a position to judge the prejudicial quality of the comment and its effect upon the jury. We find no error in its ruling.
The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.