This case arose out of the following facts:
Late on the afternoon of August 25, 1978, the plaintiffs, Mr. and Mrs. Patterson, with their retarded son, Sammy, drove from their home in their pickup truck to the country store of Chester Wells located on Old Highway 55 in Covington County, Alabama. When they reached the store, Sammy stayed in the truck, Mr. Patterson stayed with the truck to put some gasoline in it, and Mrs. Patterson went into the store to get some groceries.
After Mr. Patterson finished gassing the truck and saw that Mrs. Patterson had come to the counter with her groceries, he left the truck and went into the store to pay for their purchases. He left Sammy in the truck. When Mr. Patterson came into the store, Mrs. Patterson looked out of the window of the store and she did not see Sammy in the truck.
Before Mrs. Patterson went into the store, she told her husband to stay at the truck with Sammy while she went into the store, and she would come out and stay with him while Mr. Patterson went in to pay for their purchases.
Meanwhile, defendant Craig was driving south along the highway in front of Wells's store when he saw someone in the highway. He went by this person, and his son-in-law, who was in the automobile with him, said, *Page 949 
"That's that boy. We had better stop and get him." Craig stopped his automobile and backed it up for about twenty-five or thirty feet. When he stopped his automobile, it was straddling the center line of the highway.
About this time, Vernell Berry, who was originally joined as a defendant in this case, pulled out onto the highway about a quarter of a mile south of the scene and drove northward toward Wells's store. Craig saw Berry's vehicle coming toward him and blinked his lights a number of times but did not move his automobile from the center of the highway. Berry's vehicle continued up the highway, sideswiped Craig's automobile, ran off the highway and struck Mrs. Patterson some four to six feet off the pavement. Berry was taken into custody by the state trooper who investigated the accident and tested Berry, finding him to show .16 percent on the intoximeter.
Mrs. Patterson was severely and permanently injured in this accident, incurred considerable medical expenses and will have medical expenses in the future.
Mr. and Mrs. Patterson brought suit against Berry and Craig claiming damages for personal injury and loss of consortium. They settled their claim against Berry and went to trial against Craig only. The jury returned a verdict in Craig's favor. After their motion for new trial was denied, the Pattersons appealed. They argue that the trial court erred in limiting their closing argument made to the jury and in allowing the issue of contributory negligence to go to the jury. They also argue that the court incorrectly charged the jury on contributory negligence. We affirm.
During the course of his closing argument, the plaintiffs' counsel referred to the debt incurred by the plaintiffs for medical expenses. The court sustained the defendant's objection to this argument. On appeal the plaintiffs argue that the court erred in disallowing this argument because they say "there would appear to be little doubt that Royce Patterson, an auto mechanic, who incurred $25,000.00 in medical expenses over a short period of time would probably be in debt."
This Court has consistently held that great latitude is to be allowed attorneys in arguing a case to the jury, and the question of propriety of argument is one better left to the trial court. It has also held, equally consistently, that the wealth or poverty of the parties has no place in argument. In Allison v.Acton-Etheridge Coal Co., 289 Ala. 443, 268 So.2d 725 (1972), the Court, speaking through Justice Harwood, said:
 There are numerous decisions by this court, and the former Court of Appeals relating to the impropriety of argument of counsel for a plaintiff referring to the wealth of a defendant or the poverty of a plaintiff. . . . Since the sine qua non of a trial is to obtain a true verdict or judgment based alone upon the evidence, any reference to wealth or economic condition of a party by opposing counsel is as invidious and prejudicial in the one instance as the other.
. . . .
 . . . The issues of liability for damages, or entitlement to damages, must validly be determined by the rules of legal liability applicable, and not upon the economic condition of either party, or the degree of burden that might result from a verdict or judgment.
289 Ala. at 446, 447, 268 So.2d 725.
We hold that the trial court correctly sustained the defendant's objection to this argument.
We likewise find no error in the court's submitting the issue of contributory negligence to the jury. Unless completely free of doubt, this issue should always be submitted to the jury. Yatesv. De Mo, 270 Ala. 343, 118 So.2d 924 (1960). In this case, there was evidence from which the jury could conclude that both Mr. and Mrs. Patterson were guilty of negligence. Mrs. Patterson testified that Sammy was of such mental retardation that he had to be watched at all times, and Mr. Patterson testified that Sammy would not recognize the danger of the road, nor know how to get in and out of traffic. Thus, it was not *Page 950 
error to allow the issue of contributory negligence to go to the jury, and under these facts, it was not improper to charge the jury:
 Now, if you determine that Mr. Craig was negligent and that the Pattersons were negligent, at the time, in such a manner that proximately contributed to their injuries, you couldn't go further. Because contributory negligence is a complete bar to recovery.
. . . .
 . . . [A]ssuming that you have found these other things that I have told you. That Mr. Craig was negligent. This negligence proximately contributed to her injury. And, that she was not guilty of negligence herself, which proximately contributed to her injuries, you should award a sum, which should reasonably and fairly compensate her for such pain and suffering or mental anguish.
We find no error to reverse. Therefore, the judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, and BEATTY, JJ., concur.