On application for rehearing, the original opinion heretofore issued on June 19, 1985, is hereby withdrawn and the following opinion substituted in lieu thereof.
This is a fraud case.
Douglas Cary Odom purchased a new 1978 Dodge Charger from Magic City Dodge (defendant) of Birmingham on June 13, 1979. In October 1979, Odom filed suit against the defendant, alleging knowing or unknowing misrepresentation in that the car was not "new and in proper condition." The case was tried before a jury on September 28, 1984. The jury returned a verdict in favor of Odom awarding $6,100 in damages. The defendant filed post-trial motions, including a motion for new trial. These motions were denied and the defendant now brings this appeal. *Page 742 
On review, a jury verdict is presumed correct. Such a verdict will not be set aside unless it is against such a preponderance of the evidence as to clearly convince the reviewing court that it is the result of bias and prejudice and is wrong and unjust.Herring v. Prestwood, 414 So.2d 52 (Ala. 1982); Pennington v.Yarbrough, 406 So.2d 943 (Ala.Civ.App. 1981). This presumption of correctness is strengthened by the denial of a motion for new trial by the trial judge who heard the evidence and observed the witnesses. McKinney v. Alabama Power Co.,414 So.2d 938 (Ala. 1982).
The defendant first contends that there is no evidence of fraud in this case. It points out that it is undisputed that the car was not previously owned and thus was new. However, this is not the only factor used in Alabama to determine if a car is new. The car must also be equal in value to a new, undamaged car. Boulevard Chrysler-Plymouth, Inc. v. Richardson,374 So.2d 857 (Ala. 1979).
Because Odom was nineteen years old and had limited credit references, he was told by the salesman for the defendant that he was qualified to buy only two cars on the lot. One car was a demonstrator and the other was the 1978 Dodge Charger. The sales contract showed and it was Odom's understanding that the car he was buying was new. Soon after the purchase, however, Odom began to notice imperfections in the body and paint. He noticed residue of paint and tape on the bumper from what appeared to be a non-factory paint job. The rear bumper and some of the body molding was bent and malaligned. The trunk emblem and the right tail light lens repeatedly fell off the car. There were also waves in the right rear quarter panel of the car from what appeared to be "bondo," a body repairing material.
In addition to this apparent body damage, the car had mechanical problems. The transmission malfunctioned and leaked fluid, the bearings in the front-end assembly were defective, and Odom also had problems with the brakes. According to the decision in Boulevard Chrysler-Plymouth, Inc. v. Richardson,supra, there was ample evidence to support a jury determination that the automobile was not new and that defendant knew it was not.
The defendant further contends that money damages were not proved, and even if such damages were proved, an award of punitive damages was not supported by the evidence.
Odom paid $1,200 as a down payment on the car and made four or five payments of $180 per month. The car was repossessed once and redeemed by Odom, then, subsequently repossessed and sold. Such evidence was sufficient to establish some monetary loss.
The jury verdict of $6,100 implies that some punitive damages were assessed against the dealer. The right of a plaintiff to recover punitive damages exists if the fraud is malicious, oppressive or gross, and the misrepresentation is made with knowledge of its falsity and with the purpose of injuring him.Hall Motor Company v. Furman, 285 Ala. 499, 234 So.2d 37
(1970). In the case sub judice, there was evidence from which the jury could infer that a misrepresentation was made by defendant with knowledge of its falsity and with intent to lead plaintiff to act to his injury. The car had suffered serious body damage, which the defendant had repaired. The car had been totally repainted. Considering the presumptions in favor of jury verdicts and the similarity between this case and theBoulevard Chrysler-Plymouth case, we find no error in the award of punitive damages.
The defendant contends that the trial court erred in refusing its requested jury charge # 1. That charge stated that the disputed issue of fact in the case was whether the car was in new and proper condition. This statement was followed by the plaintiff's burden of proof. We find this charge improperly attempted to isolate the jury's consideration to one issue of fact, placing undue emphasis on that fact. *Page 743 
This issue was sufficiently covered in the trial court's general charge, and defendant's charge # 1 was properly refused.
Defendant lastly contends that the court erred in allowing Odom's attorney to argue in closing that the jurors should place themselves in Odom's position. While Odom's attorney was arguing for punitive damages, the following occurred:
 "The only thing that's going to prevent them from doing that to you or anybody else that walks on that lot —
 "MR. COSTELLO: Your Honor, I object to that argument.
"THE COURT: Overruled.
 "MS. PATTON: The only thing that's going to prevent them from doing that to you or anybody else that walks on that lot —
 "MR. COSTELLO: Once again, I object to that argument.
"THE COURT: Overruled. Go ahead.
 "MS. PATTON: I am going to try to say it to you one more time, ladies and gentlemen of the jury —
 "MR. COSTELLO: Your Honor, I have to object each time for the record.
"THE COURT: You have a continuing objection.
"MR. COSTELLO: All right. Thank you.
 "MS. PATTON: I submit to you, ladies and gentlemen of the jury, that unless their pocketbook is touched in this case, it could happen again."
Generally, an invitation to the jurors to stand in the shoes of the litigant is considered improper. Allison v.Acton-Etheridge Coal Co., 289 Ala. 443, 268 So.2d 725 (1972). However, the trial court has discretion in such matters, since it was present and an eyewitness to all the proceedings, and better able to determine what is prejudicial. BirminghamElectric Co. v. Perkins, 249 Ala. 426, 31 So.2d 640 (1947). We find no error.
This case is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.