BRADLEY, Judge.
This is a fraud case.
The plaintiff, Katie Carpenter, sued the defendant, Amos Cory, alleging that the defendant had misrepresented to her the dimensions of the lots in a land-swap deal. The case was tried before a jury and a verdict was returned awarding plaintiff, Carpenter, $1,200 in damages. The defendant filed posttrial motions, including a motion for a new trial. These motions were denied. The defendant now appeals. We affirm.
The evidence in this case reveals that the plaintiff and defendant, a land surveyor, had agreed to a land swap in order to correct a previous surveying mistake. The plaintiff contends that the defendant told her that the lots exchanged would be of equal size. However, the evidence shows that the size of the lot received by the plaintiff is smaller than the one she deeded away. The difference in the dimensions of the two lots is a small triangle of land amounting to .006 of an acre and is said to be worth $200.
The defendant contends that he did not misrepresent the size of the lots in question and, therefore, the case should not have been submitted to the jury. We disagree.
“Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.”
§ 6-5-101, Code 1975. *
A material fact is one that induces action by the complaining party. Jackson Co. v. Faulkner, 55 Ala.App. 354, 315 So.2d 591 (Ala.Civ.App.1975). In the present case the plaintiff testified that she never intended to include the piece of land in question and was told the lots involved *548 in the swap were of equal size. Subsequently, plaintiff discovered the lots were not equal in size, and she filed this action for misrepresentation. Although defendant says that plaintiff did know that the lots would not be equal in size, the evidence, nevertheless, is sufficient to present a jury question. Jackson Co. v. Faulkner, supra. When the jury returns a verdict for the plaintiff, that verdict is presumed correct. Such verdict will not be set aside unless it is so against the great weight and preponderance of the evidence as to clearly convince us it is wrong and unjust. Magic City Dodge v. Odom, Inc., 474 So.2d 740 (Ala.Civ.App.1985). Moreover, the presumption of correctness of a jury verdict is strengthened by the denial by the trial court of a motion for new trial. McKinney v. Alabama Power Co., 414 So.2d 938 (Ala.1982). The evidence presented to the jury was sufficient to authorize it to find that a material misrepresentation had been made to the plaintiff. No error here.
Defendant also says that the trial court erred by not giving the jury several written requested instructions relating to rights-of-way by implication and by necessity. We disagree.
The issue tried before the court and jury was whether the defendant had misrepresented to the plaintiff the size of the lots that were to be exchanged. Whether a portion of one of the lots had been or was being used as an access road was not an issue for resolution. The giving of these charges would have confused the issue before the court and would have been misleading to the jury. The trial court did not err by refusing these charges.
Defendant also contends that a deed was executed in the present case and there was no evidence presented that plaintiff’s signature was induced by fraud or that defendant’s acknowledgement of plaintiff’s signature on the deed was fraudulently obtained.
Again, the sole issue before the trial court was whether the plaintiff had been told by defendant that she would receive a lot equal in size to the one she was giving up. There is evidence in the record to support the jury’s finding that plaintiff had been promised a lot equal in size to the one she was giving up; otherwise she would not have signed the deed. No error here.
The defendant next says that the jury verdict of $1,200 is excessive and requests that it either be set aside or that a remit-titur be ordered.
Punitive damages are recovered only if the fraud was malicious, oppressive, or gross, and made with knowledge of its falsity or with intent to injure the plaintiff. Continental Volkswagen v. Soutullo, 54 Ala.App. 410, 309 So.2d 119 (Ala.Civ.App.1975). Whether such a representation is gross, oppressive, or committed with an intent to deceive is dependent upon the facts of each case. Reviewing the evidence in this case, we are of the opinion that there is such fraud as to allow punitive damages.
The evidence shows that defendant was a land surveyor and had surveyed the lots in question. He went to plaintiff and told her that a mistake had been made in the descriptions and asked her help in getting the matter corrected. He presented deeds to her — one for her signature — and told her the descriptions in those deeds would result in a swap of lots of equal size. On the strength of this statement, she signed the deed.
The lots were not of equal size, and defendant knew it because he had prepared the descriptions of the lots. He, of all people concerned, knew the lots were not of equal size. Under these circumstances the jury could well have concluded that the defendant had made false statements to plaintiff about the size of the lots with the intent to injure her by inducing her to part with a larger lot than she was receiving in its place.
Based on the above, we do not find that the judgment is excessive.
Plaintiff cross appeals concerning the denial of her request for an attorney’s fee in the trial court and relies on the recent supreme court case of Reynolds v. First Alabama Bank, 471 So.2d 1238 (Ala.1985).
*549 In Reynolds a class action was filed by the beneficiaries of trust accounts against the trustee bank to recover for imprudent investments. The litigation resulted in a judgment for the beneficiaries and they sought to have the trustee bank pay their attorney fees. The trial court refused to do this and ordered the fees paid from the judgment. On appeal the supreme court reversed the trial court and ordered the attorney fees paid by the trustee bank.
The supreme court held that ordinarily each party must pay his attorney’s fee, but that there is an exception. The exception is where fraud, willful negligence, or malice has been practiced. The discussion of the court relative to the exception was in the context of the establishment of a common fund. Therefore, we do not consider Reynolds to be apt authority for the award of an attorney’s fee to a winning party in a fraud case not involving a common fund. The trial court’s refusal to award an attorney’s fee to the plaintiff in this case was not error.
The plaintiff’s request for an attorney’s fee on appeal is denied.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.