This dispute arises from an automobile accident involving vehicles driven by the plaintiff, Mary Ashbee, and one of the defendants, Susan Brock.
Plaintiff Ashbee's evidence established that she was travelling East on Mobile's Airport Boulevard at approximately 5 p.m. Traffic was heavy, and Airport Boulevard is a heavily-travelled six-lane boulevard, with several dangerous intersections. She was travelling in the outside lane, and was proceeding at a speed of 30 to 45 miles an hour. Forty-five is the maximum speed allowed. She saw the vehicle operated by Susan, coming west on Airport Boulevard, begin a left turn across plaintiff's lane when she was approximately one half block from the intersection. She continued at the same rate of speed. When she realized that Susan was not going to clear the intersection, she applied her brakes, but her car skidded into the passenger side of the automobile driven by Susan.
The testimony on the other side was to the effect that Susan, who was 15 years and 4 months old, and who was driving with a valid Alabama learner's permit, approached the intersection and came to a full stop in the left lane. She observed the oncoming traffic, and decided that she had time to complete the left turn. She proceeded to make the turn, but before she could completely clear the outside eastbound lane, her car was hit by Ashbee's vehicle. Her progress had been momentarily slowed when her foot slipped off the accelerator.
Ms. Ashbee filed this action against Susan Brock, Shirley Brock (her mother), and G. Porter Brock, Jr.(Susan's father), on counts of negligence as to Susan and negligent entrustment as to the parents. The Brocks denied negligence on Susan's part, and pleaded contributory negligence on the part of the plaintiff. The trial court entered summary judgment in favor of Mr. Brock. After a trial, the jury returned a verdict in favor of Susan and Shirley Brock. The plaintiff's motion for judgment notwithstanding the verdict or for a new trial was denied. This appeal followed.
On appeal, Ms. Ashbee contends that the jury verdict was manifestly unjust and was not based on competent evidence. She also contends that the evidence was not sufficient to support a finding of contributory negligence, that the trial court erred in prohibiting plaintiff's counsel from arguing that the jury was not to consider how the defendants would satisfy any judgment which might be entered against them, and that the trial court erred in granting summary judgment in favor of Mr. Brock. We disagree and affirm both the summary judgment and the judgment based on the verdict.
Jury verdicts are presumed to be correct in Alabama. This presumption of correctness is further strengthened by the trial court's denial of a motion for new trial. Chapman v. Canoles,360 So.2d 319 (Ala. 1978). The appellate court "must review the tendencies of the evidence most favorable to the prevailing party and indulge such inferences as the jury was free to draw." Cooper v. Peturis, 384 So.2d 1087, 1088 (Ala. 1980). Therefore, a judgment based on a jury verdict will not be reversed unless it is plainly and palpably wrong. Osborne v.Cobb, 410 So.2d 396 (Ala. 1982).
Obviously, from the evidence, the jury could have concluded that Susan was negligent in making the left turn; or it could have concluded instead that Susan had sufficient time to complete her turn safely, and that Susan was operating the Brock vehicle in a reasonably safe and prudent manner. It is equally obvious, however, that the jury also could have reasonably *Page 216 
concluded that Ashbee was contributorily negligent in not slowing her automobile as she approached the intersection or in not moving to another lane to avoid colliding with Susan's car. Where the evidence will support conflicting conclusions, trial courts have no choice but to submit the evidence to the jury for resolution, on proper instructions of the law. This is what the trial court did in this case in submitting the issues of negligence and contributory negligence to the jury. We cannot find error in the trial court's refusal to direct a verdict in favor of the plaintiff, in light of the evidence offered.
One who entrusts a motor vehicle to an incompetent driver may be liable for any damages proximately resulting therefrom.Bruck v. Jim Walter Corp., 470 So.2d 1141 (Ala. 1985). Since we are holding that the jury could have reasonably concluded from the evidence that Susan acted in a reasonably safe and prudent manner, and did not proximately cause Ashbee's alleged injuries, we must also hold that the plaintiff's claims against Shirley and G. Porter Brock, premised on a negligent entrustment theory, must fail. The jury verdict in favor of Susan eliminates any need for separate review of the propriety of the summary judgment in favor of Mr. Brock.
Finally, we hold that the trial court properly exercised its discretion in prohibiting plaintiff's counsel from arguing that the jury was not to consider how the defendants would satisfy any judgment entered against them.
It is well recognized in Alabama that "the trial judge in his discretion has control of arguments of counsel and this reviewing court will not interfere with that discretion except in cases of abuse." Dendy v. Eagle Motor Lines, Inc., 292 Ala. 99,102, 289 So.2d 603, 606 (1974). Moreover, this Court has consistently held that the wealth or poverty of the parties is not a proper subject for closing argument. Otis Elevator Co. v.Stallworth, 474 So.2d 82 (Ala. 1985); Young v. Bryan,445 So.2d 234 (Ala. 1983); Patterson v. Craig, 394 So.2d 948 (Ala. 1981);Allison v. Acton-Etheridge Coal Co., 289 Ala. 443,268 So.2d 725 (1972).
Accordingly, the judgments of the trial court are affirmed.
AFFIRMED.
JONES, ALMON, ADAMS, and STEAGALL, JJ., concur.