INGRAM, Justice.
Bobby J. Lassie and his wife, Helinda Lassie, sued their automobile insurance carrier, Progressive Insurance Company (“Progressive”), for benefits they claimed were due under the uninsured motorist provision of their automobile insurance policy; they claimed to have incurred damage arising *953 from an automobile accident involving a vehicle operated by an uninsured driver. Mrs. Lassie’s claim, which alleged a loss of consortium resulting from personal injury to Bobby J. Lassie, was voluntarily dismissed at trial. The jury returned a verdict for Progressive. Bobby J. Lassie appeals from a judgment based on that verdict.
The dispositive issue is whether the trial court erred in admitting evidence concerning Lassie’s prior work-related injuries and workers’ compensation settlements arising from those injuries.
A jury’s verdict is presumed correct and will not be disturbed unless it is plainly erroneous or manifestly unjust. Alpine Bay Resorts, Inc. v. Wyatt, 539 So.2d 160, 162 (Ala.1988). This Court must presume that the jury drew from the evidence any reasonable inferences necessary to support its verdict. State Farm Auto. Ins. Co. v. Morris, 612 So.2d 440, 443 (Ala.1993). In short, in reviewing a judgment based upon a jury verdict, this Court must review the record in a light most favorable to the appellee, in this case Progressive. Continental Cas. Ins. Co. v. McDonald, 567 So.2d 1208, 1211 (Ala.1990).
Lassie attempted to prove that the automobile accident caused an injury to his back. At trial, Progressive asked Lassie about on-the-job injuries he had suffered while working at Fruehauf Corporation and Dunlop Tire Corporation. Lassie had injured his shoulders and had incurred other injuries while working at Dunlop and Fruehauf; both of Lassie’s shoulders had required surgery. Lassie testified about these previous injuries and about the workers’ compensation settlements he had received for these injuries.
On ruling upon the admissibility of evidence, the trial court has wide discretion. Absent a clear abuse of that discretion, this Court will not reverse the trial court’s ruling. Williams v. Hughes Moving & Storage Co., 578 So.2d 1281 (Ala.1991); Russellville Flower Craft, Inc. v. Searcy, 452 So.2d 478 (Ala.1984). We conclude that the trial court did not abuse its discretion in admitting the evidence concerning Lassie’s previous injuries.
“In an action for personal injuries, the defendant may prove conditions of or injuries to the plaintiff occurring prior to the litigated accident. The most common method of introducing such evidence is through the cross-examination of the plaintiff as to his prior conditions or injuries. The purpose of such cross-examination, of course, is to show that the complained of condition resulted from a cause other than the injury now being litigated.”
C. Gamble, McElroy’s Alabama Evidence § 60.01(2) (4th ed. 1991). (Footnotes omitted.) The trial court properly permitted Progressive to question Lassie concerning his prior injuries. Evidence of those injuries was relevant to the issue of whether the problem with Lassie’s back was attributable to the accident with the uninsured motorist or, as Progressive was apparently attempting to prove, was attributable to the accidents he had sustained at work.
Lassie contends that the trial court erred in admitting evidence of his workers’ compensation settlements; however, the record indicates that Lassie did not object to the admission of this evidence. Therefore, this Court cannot review this contention. Carter v. Reid, 540 So.2d 57 (Ala.1989); Dendy v. Eagle Motor Lines, Inc., 292 Ala. 99, 289 So.2d 603 (1974).
The judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, STEAGALL and COOK, JJ., concur.
SHORES, J., concurs in the result.