SHAW, Justice
(dissenting).
I respectfully dissent. As the main opinion suggests, “[t]he majority and dissenting opinions of the Court of Criminal Appeals appear to focus on the one occasion Chapman admitted to intruding into the attic space over the Bodies’ apartment and removing the ductwork....” 64 So.3d at 1139-40. This is also the approach taken by the State in its petition *1142 for the writ of certiorari and supporting brief, which essentially argue the position taken by the dissenting judges in the Court of Criminal Appeals. The gist of the State’s argument is that there were separate acts constituting the burglary and the attempted criminal surveillance and that each crime contained elements that the other did not.
The State specifically advances the argument that the burglary offense was complete when Chapman entered the attic space over the Bodies’ apartment and that the attempted-criminal-surveillance offense occurred thereafter when he moved the ductwork. Although the evidence suggests that there were separate occasions when Chapman entered the attic and thus committed multiple offenses separated by time, I see no argument by the State in its brief that this Court should reverse the Court of Criminal Appeals’ judgment on the theory that the criminal acts of burglary and attempted criminal surveillance occurred on different occasions. Instead, the State’s argument is limited to urging this Court to find two separate criminal acts occurring on one occasion.[6]
“[W]hen we are asked to reverse a lower court’s ruling, we address only the issues and arguments the appellant chooses to present.” Hart v. Pugh, 878 So.2d 1150, 1157 (Ala.2003). Partridge v. Sawyer, 383 So.2d 184, 186 (Ala.Civ.App.1980) (“This court will not reverse on the basis of an issue not raised and ruled on below.”). Because the State does not advance in its petition or brief to this Court the rationale relied on by the main opinion, I cannot concur to reverse the judgment of the Court of Criminal Appeals as to Chapman’s conviction for attempted criminal surveillance.
MURDOCK, J., concurs.

. At one point, the State does cite caselaw noting that separate acts committed close in time to one another may constitute separate criminal offenses. Hughery v. State, 915 So.2d 457, 459 (Miss.Ct.App.2005). However, that decision is cited only for the proposition that Chapman committed more one criminal act, not that multiple criminal acts occurred on more than one occasion.