58 So.2d 115

## WILLIAMS v. CITY OF ANNISTON.
### 7 Div. 107.

Supreme Court of Alabama.
April 3, 1952.

Emerson & Watson, Anniston, for appellee.

Charles Douglass and Guy Sparks, Anniston, for appellant.

STAKELY, Justice.

This is a suit instituted by Mrs. Willie Williams against the City of Anniston, a municipal corporation, for damages alleged

to have been suffered by her from a fall over a defect in a sidewalk in the city about 7:30 p. m. on the night of December 9, 1948. It is claimed that the defect consisted of a break across the sidewalk apparently caused by the roots of a tree. The defendant pleaded the general issue and contributory negligence. The case was submitted to the jury, resulting in a verdict for the defendant. Hence Mrs. Willie Williams brings this appeal.

According to an affidavit attached to and in support of a motion for a new trial counsel for defendant made the following statement in substance to the jury:

"If the plaintiff is given a verdict, where will the money come from? It will come out of the city treasury. The city has no money of its own. The only money which it has is money which it gets from taxes. All the improvements, including this courthouse we're in, have to be paid for out of taxes. Taxes are used to build the streets and the schools. All city improvements call for taxes. Our money must go for those things. And if the plaintiff is given a verdict the money will have to come out of taxes."

According to an affidavit filed by the attorney for the defendant, he made, among other statements, the following statement in substance.

"I stated that the city has no money of its own, that what money it has is derived from taxes imposed on its citizens, that all governmental services and improvements depend on tax revenues, that they don't just happen by themselves, that this courthouse and all other government improvements are built with money furnished by the taxpayers, that any money which the jury might award to the plaintiff would have to come out of the City Treasury, and that police protection, fire protection, the widening and improving of streets, our schools, and all other city services and functions are dependent on the City Treasury which receives its money from the taxpayers."

The record shows that the argument of counsel was made in a series of statements to the jury which have been consolidated in the affidavits referred to above. Each of the statements was objected to by counsel for the plaintiff at the time the statement was made to the jury and in each instance the court overruled the objection. These rulings of course indicated to the jury that the argument was within legitimate bounds. American Ry. Express Company v. Reid, 216 Ala. 479, 113 So. 507.

We have carefully considered the argument which counsel for the defendant was allowed to make in the defendant's behalf to the jury. These statements are obviously an appeal to the self-interest of the jurors as taxpayers and are of such a prejudicial nature as to constitute a ground for reversal. 78 A.L.R. page 1457; Piner v. Standard Oil Company of New Jersey, 163 S.C. 302, 161 S.E. 504; Robinson v. United States, 8 Cir., 32 F.2d 505, 66 A.L.R. 468; Parks v. State, 35 Tex.Cr.R. 378, 33 S.W. 872; Davis v. State, Tex.Cr.App., 55 S.W. 340.

In effect counsel for the defendant told the members of the jury that if they gave the plaintiff a verdict, they were taking the money out of their own pockets. It was in effect the same as saying that it would be they themselves together with other taxpayers who would pay the plaintiff if she was given a verdict. We think it clearly appears that the argument of counsel was an appeal to the prejudices of the jurors. The rule is thus stated in 53 Am.Jur., § 499, p. 403:

"Appeals to class prejudices such as appeals * *. * to the self interest of jurors as taxpayers * * * are highly improper and are not to be condoned."

It may be added that five of the jurors resided within the City of Anniston and all of the jurors resided within the County of Calhoun. While most of the reference is to the interest of jurors as taxpayers where city projects or matters are involved, there is also a reference to the courthouse where all those in the county would be interested. It may be further noted that there was no issue or evidence

in the case with reference to the matter of taxation. Davis v. Alexander City, 137 Ala. 206, 33 So. 863; Louisville & N. R. R. Co. v. Orr, 91 Ala. 548, 8 So. 360.

[3] The point is advanced that the argument should not be regarded as prejudicial because there was ample evidence to support the verdict by the jury regardless of the argument. The test, however, is not that the argument did unlawfully influence the verdict, but that it might have done so. City of Montgomery v. Quinn, 246 Ala. 154, 19 So.2d 529; Roan v. State, 225 Ala. 428, 143 So. 454.

It is further contended that during the trial of the case, plaintiff's counsel on a number of occasions tried to show that plaintiff's husband was blind. The court excluded all questions to this end. We do not consider that the argument can be justified on the theory that it was evoked by the testimony sought to be introduced as to the blindness of the plaintiff's husband.

It results that the judgment of the lower court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and BROWN and LAWSON, JJ., concur.