308 So.2d 255

**ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY**

v.

**Edward HUMPHREY, as Administrator of the Estate of Annie O. Humphrey, Deceased.**

**Civ. 464.**

Court of Civil Appeals of Alabama.

Feb. 12, 1975.

Dixon, Wooten, Boyett & McCrary, Talladega, for appellant.

Lewis H. Hamner, Jr., Roanoke, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a judgment in favor of an insured suing his insurer upon the uninsured motorist coverage of his policy.

The applicable facts are as follows: Plaintiff's intestate, defendant's insured, was killed in an automobile accident involving three automobiles. The deceased was riding in an uninsured automobile. One of the other automobiles was uninsured and the other was insured. Prior to the present suit, plaintiff, the personal representative of the estate of the deceased, executed a pro tanto settlement with the insured motorist in the amount of $17,500.00. Suit was then brought against Farm Bureau, appellant here, alleging that deceased was an insured of Farm Bureau under a policy issued to her father; that deceased was killed by the concurring wanton or negligent acts of the two uninsured motorists; that plaintiff is entitled to recover under the uninsured motorist coverage and under the medical payments coverage of the policy.

Farm Bureau filed defenses of (1) the general issue, (2) contributory negligence, (3) provisions of the policy excluding coverage where settlement is made with a person who might be legally liable for the injury without the written consent of the insurer, (4) trust agreement or subrogation provisions of the policy which entitled insurer to recover from insured any proceeds of a settlement made with any person, legally liable for the injury, (5) satisfaction of claim because of the $17,500.00 settlement, (6) recovery of medical expenses could not be had because full recovery had been made by plaintiff from the settlement and plaintiff had violated insurer's subrogation rights by making the settlement without the consent of the insurer, (7) ac-

tion was barred because all damages had been paid by the settlement with a third party.

Insurer's defenses 3, 4, 5 and 6 were struck upon motion of plaintiff. Summary judgment of $1,000.00 was granted plaintiff as to count two of the complaint claiming medical payments. Count one was tried to a jury and verdict and judgment entered granting plaintiff $9,000.00 damages.

Motions for judgment notwithstanding the verdict and for new trial were denied. Defendant appealed.

Though there were 51 assignments of error, defendant in brief argues only four. They will be discussed in the order argued and are as follows:

(1) The validity of the exclusionary clause in the uninsured motorist coverage. (2) The enforceability of the insurer's subrogation right against proceeds of a settlement made with tort-feasors other than the uninsured motorists. (3) Whether payments under the medical payments clause of the policy may be set off against claim under the uninsured motorist coverage. (4) Improper argument of counsel to the jury.

The argument as to assignment one is admitted to have been answered by this court in our case of Alabama Farm Bureau Casualty Insurance Company v. Clem, 49 Ala.App. 457, 273 So.2d 218. Defendant insists our decision in Clem was erroneous and asks that we reverse it. We decline to do so.

■ In *Clem, supra* we pointed out that the Alabama uninsured motorist statute contained no provision as to rights of subrogation, as do the statutes in some other states. We further pointed out the principle enunciated by our Supreme Court in other cases. That principle is, the uninsured motorist statute is to be construed so as to assure a person injured by an uninsured motorist that he will be able to re-

cover, from whatever source available, up to the total amount of his damages. The insurer will not be permitted to insert any provision in its policy limiting such recovery by the insured. Safeco Ins. Co. of America v. Jones, 286 Ala. 606, 243 So.2d 736; State Farm Mutual Auto Ins. Co. v. Cahoon, 287 Ala. 462, 252 So.2d 619; Employers Liability Assurance Corp., Ltd., v. Jackson, 289 Ala. 673, 270 So.2d 806; Great Central Insurance Co., v. Edge, Ala., 298 So.2d 607.

■ It was determined by the jury in this case, after instructions by the court to consider the fact that plaintiff had already received payment of $17,500.00, that plaintiff was entitled to receive an additional $9,000.00 in damages. Thus, the total damage of plaintiff was found to be $26,500.00. To give validity to the trust agreement contained in the policy would prevent an insured from recovering under his uninsured motorist coverage if he settled with an insured tort-feasor for a sum more than $10,000.00, even though, as in this case, his total damages were not fully recovered in the settlement.

The trust agreement would condition the uninsured motorist coverage upon the surrender by the insured of any right to settle with or to recover from an insured tortfeasor. Further, if insured settled or recovered, such settlement or recovery could be set off against any sum due from the insurer because of damages caused by an uninsured joint tort-feasor, total damages of insured notwithstanding. Thus, the liability of the insurer would be limited by recovery or settlement from others than the uninsured motorist, though total damages had not been recovered. There can be no liability-limiting clause restricting an insured from recovering actual damages suffered within the limits of the policy of uninsured motorist insurance. Preferred Risk Mutual Ins. Co. v. Holmes, 287 Ala. 251, 251 So.2d 213.

■ We hold that the trust agreement or subrogation clause, when applied to set-

tlement with or recovery from tort-feasors other than the uninsured motorist is invalid and contrary to the intent of the uninsured motorist statute. We point out that an insured may not recover if he has been fully compensated for his damages by any tort-feasor. The question not being before us, we do not decide whether a subrogation provision is applicable to a claim against the uninsured motorist. We adhere to our decision in *Clem, supra.*

We consider that we have answered defendant's second contention as to enforceability of a right of subrogation against the proceeds of the pro tanto settlement. We hold such subrogation under the facts of this case invalid.

Defendant charges further error in the striking of its defense number 6 which presented the right to set-off amounts paid or due to be paid under the medical payments provision against any sum paid or due to be paid under the uninsured motorist coverage. There is also included in the medical payment portions of the policy another "trust" or "subrogation" agreement.

The medical payment coverage and the uninsured motorist coverage are separate in the policy. Each requires a payment of premium. It seems that if actual damages of the policyholder exceeds the maximum of the uninsured motorist coverage, the insured has access to the medical payments coverage, if available under the facts. If actual damages are paid within the uninsured motorist coverage, there is no right to payment under the medical payment coverage. Defendant appears to agree with this view in its argument in brief.

In this case, an action for wrongful death, actual damages were determined to be $26,500.00, $9,000.00 of which was due from defendant. Such damages were punitive and did not include medical expenses covered by the medical payment provision of the policy. To allow set-off of medical payment in this case would limit the right of recovery of actual damages under the uninsured motorist coverage. Such is contrary to the principle stated by Safeco v. Jones, *supra, Clem, supra,* and other cases cited hereinabove.

Defendant mentions in passing that the court granted summary judgment to plaintiff for $1,000.00 in medical payments upon oral motion. He charges that granting of an oral motion for summary judgment is improper. Such charge may be true under Rule 56 of Rules of Civil Procedure; however, we find no objection to the granting of such judgment until motion for new trial. At that time, admissions of fact and evidence presented during the trial clearly established that judgment for plaintiff was due to be granted as to count two. We perceive no injury to defendant by the granting of summary judgment. Rule 45, Supreme Court Rules, Rule 61, Rules of Civil Procedure.

The last charge is that the court erred in refusing to grant a mistrial or a new trial for improper argument of counsel for plaintiff.

The record as corrected by the court indicates that twice during statement of the case and four times during his closing argument, counsel for plaintiff referred to the "value" of human life or the "worth" of human life as being the measure of or an element of damages for the jury's consideration. On each occasion objection was made and sustained by the court. On two occasions motion for mistrial was made and denied. On each occasion, the court admonished counsel, and directed the jury not to consider such statements. The court clearly enunciated in its oral charge the law as related to determining damages in a wrongful death case.

Defendant presented the failure of the court to grant a mistrial and the prejudicial effect of counsel's statements as grounds for a new trial. The trial court, after due consideration, denied a new trial. Defendant insists to this court that such statements were so improper and prejudi-

cial as to require a reversal and a new trial.

 Argument in a wrongful death case which appeals for an award of compensatory damages is improper. Hardin v. Sellers, 270 Ala. 156, 117 So.2d 383. The reasonable inference of the argument of counsel for plaintiff was that the life of the deceased was to be given a monetary value and an award should be made by the jury in accord therewith. The learned trial judge correctly ruled the argument improper.

Having sustained objection to the argument, pointedly instructed the jury of its impropriety and directed them not to consider it, did the judge err in refusing a new trial?

 In a case of improper argument where the trial judge overrules objection and fails to instruct the jury as to impropriety with direction to disregard, the test upon appeal is not that the argument did unlawfully influence the jury, but whether it might have done so. Williams v. City of Anniston, 257 Ala. 191, 58 So.2d 115.

 In a case where objection to improper argument is made and sustained, with immediate and strong action by the trial court instructing the jury that such argument was not correct and admonishing them not to consider it, the test on motion for new trial and on appeal is whether the argument was so harmful and prejudicial that its influence was not or could not be eradicated by the action of the court. McLemore v. International Union, etc., 264 Ala. 538, 88 So.2d 170. When, after applying this test, the trial court denies a motion for new trial, its determination is presumed correct on appeal. McLemore v. International Union, etc., *supra*. In order to overturn such presumption, the reviewing court must determine from the facts and circumstances that the ruling of the court was unjust and plainly erroneous.

 We have carefully considered the evidence, the record of the argument, the prompt corrective actions of the court, the very plain and correct oral charge as to the measure of damages in a wrongful death action, together with the verdict of the jury. We have considered that the trial judge was in a better position than this court to observe the jury and their reactions to the improper argument and instructions of the court. After such consideration, we are unable to hold that the argument was so grossly improper and highly prejudicial that its influence was not nor could not be eradicated from the minds of the jury by the admonition of the trial judge.

No prejudicial error appearing from the appeal, the judgment of the trial court is

Affirmed.

BRADLEY and HOLMES, JJ., concur.