This appeal is from a verdict and judgment in an action brought by Carrie Stallworth against Otis Elevator Company for bodily injuries received by her when she was thrown out of an elevator. We reverse.
Stallworth was an employee in the dietary department at Providence Hospital in Mobile. Stallworth claims that on May 22, 1980, she was injured as a result of an accident which occurred while she was riding in a hospital elevator maintained by Otis Elevator Company. Stallworth brought suit against Otis Elevator Company for negligence in maintaining the elevator and for breach of its maintenance contract with the hospital.
At trial, Stallworth testified that she got on the elevator with her food cart on the *Page 83 
third floor and pushed the first floor button. On the way down, the elevator started jerking erratically. The elevator door opened about 18 to 24 inches above the first floor and she was thrown out. As a result, Stallworth claims, she suffered permanent injuries to her back and left knee.
The jury returned a verdict in favor of Stallworth in the amount of $50,000.00. After a denial of its motion for new trial, Otis Elevator Company appeals.
The determinative issue in this case is whether argument by plaintiff's counsel constituted improper and prejudicial error justifying reversal of the judgment in this cause.
Otis Elevator Company claims that the following statement made by Stallworth's attorney during closing argument constituted an improper comment regarding defendant's financial status:
 "MR. PETERS: [counsel for plaintiff] Mr. Lakeman [an Otis Elevator serviceman] is not going to have to pay this judgment. Otis is. The same company that can afford to hire Mr. McAuley, the man from New York —
"MR. ROWE: Excuse me.
"MR. PETERS: — to come in —
 "MR. ROWE: Excuse me, Your Honor. This is improper argument here.
 "MR. PETERS: What am I going to say? I mean, I haven't even gotten the words out.
"MR. ROWE: I'm making an objection to the Court.
"THE COURT: Overruled.
"Go ahead. Let's just hurry up.
"MR. PETERS: Thank you, Judge.
 "The same company that can afford to hire Mr. McAuley to come in and testify for Otis and against a hundred other people who have been hurt on Otis elevators in the last four years, that's the company that's going to have to pay this judgment. That's an average of two persons per month. Don't you wonder in all these other cases they also claim that nothing was wrong with the elevators?
 "MR. ROWE: Excuse me, Your Honor. I object to that too. That's completely improper.
"THE COURT: Sustained."
Otis Elevator Company contends that this argument was advanced solely for the purpose of improperly introducing the wealth of the defendant to the jury.
This issue has previously been addressed by this Court. In determining whether counsel's argument is improper, this Court must consider the evidence, the argument itself, the prejudicial effect of that argument and the corrective actions of the Court. Estis Trucking Co. v. Hammond, 387 So.2d 768
(Ala. 1980).
In Allison v. Acton-Etheridge Coal Co., 289 Ala. 443,268 So.2d 725 (1972), this Court reversed a jury verdict in favor of defendants because of the following improper statement made by defense attorney during closing argument:
 "It's a great thing folks, to be a very wealthy man and to be able to go out here and hire two law firms with four lawyers —"
In Horton v. Continental Volkswagen, Inc., 382 So.2d 551
(Ala. 1980), this Court determined that the following remarks of defense counsel constituted improper injection into the case of defendant's modest financial status:
 "Now, we expect the evidence to show, ladies and gentlemen of the jury, that Continental Volkswagen, a small private domestic corporation owned by Mr. William B. Alford. . . ."
382 So.2d at 552.
Similarly, in Estis Trucking Co. v. Hammond, 387 So.2d 768
(Ala. 1980), this Court reversed a verdict for the plaintiff in an automobile-truck collision case, partly, because the plaintiff's attorney had referred in his closing argument to the defense attorney's habit of trying expensive lawsuits. The Court reasoned that this remark implied that the defendant must have been wealthy to be able to afford to hire an attorney who tries only expensive lawsuits. *Page 84 
The standard of review in Alabama regarding the propriety of an attorney's closing argument is as follows:
 "In a case of improper argument where the trial judge overrules objection and fails to instruct the jury as to the impropriety with direction to disregard, the test upon appeal is not that the argument did unlawfully influence the jury, but whether it might have done so. Williams v. City of Anniston, 257 Ala. 191, 58 So.2d 115.
 "In a case where objection to improper argument is made and sustained, with immediate and strong action by the trial court instructing the jury that such argument was not correct and admonishing them not to consider it, the test on motion for new trial and on appeal is whether the argument was so harmful and prejudicial that its influence was not or could not be eradicated by the action of the court. McLemore v. International Union, etc., 264 Ala. 538, 88 So.2d 170
[1956]. . . ."
Estis Trucking Co., supra, 387 So.2d at 771-72 (citing AlabamaFarm Bureau Mutual Casualty Co. v. Humphrey, 54 Ala. App. 343,308 So.2d 255 (1975)).
After careful review of the record before us, we must conclude that the argument of counsel was improper and highly prejudicial. The language used by plaintiff's attorney implies that if Otis Elevator Company could afford to hire an expensive expert from New York to testify in over one hundred cases, then that same company could afford to pay a judgment in favor of the plaintiff. While the argument that Mr. McAuley had testified in over one hundred cases for Otis Elevator might have been proper to show his bias, the direct reference to the company's ability to hire that expert was an improper reference to the wealth or the supposed wealth of the defendant.
Moreover, in the present case the court took no corrective action to instruct the jury that this argument was improper. Because there was no admonition from the trial court, the influence of this improper argument was not eradicated from the minds of the jury. Nor can the general instructions in the court's oral charge, that the remarks of counsel were not evidence, have eradicated the prejudicial effect. Allison v.Acton-Ethridge Coal Co., 289 Ala. 443, 448, 268 So.2d 725, 727
(1972). Cf. Atkins v. Drake, 437 So.2d 469 (Ala. 1983).
Otis Elevator Company also contends that the trial court, in addressing a juror's question, made an improper comment on the wealth of the plaintiff (or lack thereof), by stating that she had no other suits pending and that all other negligence claims were time-barred.
Upon review of the entire colloquy from the bench, it appears that the trial court was merely attempting to answer the juror's inquiry and to clear up any misconceptions. Additionally, the court admonished the jury that the existence or non-existence of any other litigation should not affect their decision:
 "[T]hese are legal matters and I really don't think you people ought to concern yourselves with that. Just simply, you know, have the facts or lack of facts been consistent with the law in this case?"
We therefore find that the trial court did not improperly comment upon the financial status of the parties. Even if we were to find any error, any prejudice would have been eradicated by the prompt instruction to the jury. This case must be reversed, however, based upon our previous discussion of the improper argument of plaintiff's counsel.
We hereby reverse and remand this cause for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur. *Page 85