**Donald T. MOORE, Appellant**

v.

**Rochelle JONES, Appellee.**

**No. 87–142.**

District of Columbia Court of Appeals.

Argued April 20, 1988.
Decided June 23, 1988.

---

**1254**

Julian Karpoff, Arlington, Va., with whom Thomas R. Devaney was on the brief, for appellant.

Eric M. Rome, Washington, D.C., for appellee.

Before PRYOR, Chief Judge, and MACK and TERRY, Associate Judges.

TERRY, Associate Judge:

This case arose from a dispute between a landlord, Donald Moore, and his tenant, Rochelle Jones. Jones leased a house from Moore. When she failed to pay her rent for several months, Moore filed an action for possession in the Landlord and Tenant Branch of the Superior Court. On the scheduled trial date the parties settled the case by agreeing to a consent judgment in favor of the landlord, Mr. Moore, which was approved by the judge then presiding in the Landlord and Tenant Branch. The judgment was stayed, however, pending settlement on a contract for the sale of the house to Jones. The contract, which was appended to the judgment, gave Jones ninety days to settle, with a sixty-day extension available from the date she obtained a written loan commitment, provided that she did so within the original ninety days. The contract also stated that money previously paid by Jones into the registry of the court under a *protective order* ($3300) would be disbursed to Moore, and that this sum, together with an additional $3575 to be paid by check, would constitute a deposit to

be applied to the purchase price. If Jones did not settle on the contract within the specified time, all of this money would be retained by Moore as rent, and Jones would move out.

■ When Jones did not purchase the property within the time stated in the contract, Moore moved to vacate the stay of the judgment. The trial court refused to vacate the stay, instead giving Jones the right to redeem her tenancy by paying the rent that had become overdue. *See Trans–Lux Radio City Corp. v. Service Parking Corp.*, 54 A.2d 144, 146 (D.C.1947). The trial court's decision effectively modified the terms of the consent judgment. We hold that this modification was beyond the court's authority, and accordingly we reverse its denial of the motion to vacate the stay.

A consent judgment is an order of the court, "indistinguishable in its legal effect from any other court order, and therefore subject to enforcement like any other court order." *Padgett v. Padgett*, 472 A.2d 849, 852 (D.C.1984); *see Pope v. United States*, 323 U.S. 1, 12, 65 S.Ct. 16, 22, 89 L.Ed. 3 (1944) (a consent judgment is a "judicial act"). It is also a contract, which must be construed within its four corners. *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 235–237, 95 S.Ct. 926, 933–934, 43 L.Ed.2d 148 (1975); *Baker v. District of Columbia*, 494 A.2d 1299, 1302 (D.C.1985); *Dart Drug Corp. v. Schering Corp.*, 116 U.S.App.D.C. 23, 27, 320 F.2d 745, 749 (1963). It should generally be enforced as written, absent a showing of good cause to set it aside, such as fraud, duress, or mistake. *Biggs v. Stewart*, 418 A.2d 1069, 1071 (D.C.1980); *De Fusco v. Giorgio*, 440 A.2d 727, 729 (R.I.1982). No showing of good cause has been made in this case, and the record reveals no reason why the consent judgment to which the parties freely agreed, with the approval of a Superior Court judge,[1] should not have been enforced as written by another Superior Court judge eight months later.

*United States v. City of Jackson*, 519 F.2d 1147, 1151 (5th Cir.1975).

---

1. Court approval of a consent decree means the court has concluded that the terms of the decree are not unlawful, unreasonable, or inequitable.

Appellee Jones argues that her agreement to vacate the house and yield possession to appellant Moore was unenforceable because it was contrary to public policy, as expressed in the statute that permits evictions only for non-payment of rent. D.C. Code § 45–2551(a) (1986). We do not agree. In the first place, a landlord may evict a tenant for other reasons besides non-payment of rent. *See* D.C. Code § 45–2551(b)–(i) (1986 & 1987 Supp.). Furthermore, although a consent judgment, like any contract, may be held invalid if it violates a criminal or regulatory statute,[2] courts will invalidate contract terms that are contrary to public policy only in the clearest of cases, and with great caution. *Landa v. Astin,* 90 U.S.App.D.C. 86, 88, 193 F.2d 369, 371 (1951). Such caution is necessary because of the difficulty of defining "public policy" and of deciding when it cannot yield to the freedom of persons to make legally enforceable contracts. *Maryland–National Capital Park & Planning Commission v. Washington National Arena,* 282 Md. 588, 603–606, 386 A.2d 1216, 1227–1229 (1978). Even more care should be exercised when, as in this case, the party seeking to deny a contractual obligation has already received the full benefit of the contract. *City of Warwick v. Boeng Corp.,* 472 A.2d 1214, 1218 (R.I.1984) (a party who has received such benefit "will not be permitted to deny his or her obligations unless paramount public interest requires it" (citation omitted)).

It cannot be denied, of course, that there are legal restrictions in the District of Columbia on the eviction of tenants. A tenant who pays rent cannot normally be evicted even if the lease has expired. D.C. Code § 45–2551(a) (1986). When a tenant falls behind in the rent, a court may allow him or her to avoid eviction by paying the rent due, plus interest and costs. *Trans–Lux, supra,* 54 A.2d at 146. Even a paying tenant, however, can be dispossessed in certain limited circumstances, *e.g.,* if the landlord moves in, sells the property to someone else who will move in, or undertakes renovations which cannot be completed if the property is occupied, or if the tenant violates an obligation of the tenancy or commits an illegal act on the premises. D.C. Code § 45–2551(b)–(i) (1986 & 1987 Supp.); *see Jack Spicer Real Estate, Inc. v. Gassaway,* 353 A.2d 288, 289–291 (D.C. 1976).

In this case the trial court allowed the tenant to continue her tenancy by paying the sum due under *Trans–Lux.* Ordinarily, such a course of action would be routine; here, however, it directly conflicts with the consent judgment, which is presumptively valid and hence enforceable. *See Cobb v. Standard Drug Co.,* 453 A.2d 110, 111 (D.C.1982). By allowing a *Trans–Lux* redemption, the trial court in effect held that the public policy supporting *Trans–Lux* and the eviction controls of section 45–2551 voided the consent judgment's provision that the tenant would relinquish possession if she did not purchase the property. We cannot agree with this conclusion. Since the landlord's original suit for possession and back rent was settled, and a consent judgment was entered embodying the settlement, this case also involves the public policy that "[v]oluntary settlement of civil controversies is in high judicial favor." *Autera v. Robinson,* 136 U.S.App. D.C. 216, 218, 419 F.2d 1197, 1199 (1969) (footnote omitted). To encourage voluntary settlements, settlement agreements should not be modified in favor of either party, absent the most compelling reasons. We find none here.

The landlord in this case bargained for the term calling for the tenant to vacate if she did not purchase the house, and the tenant agreed to it; therefore, it cannot be lightly set aside. *Landa v. Astin, supra,* 90 U.S.App.D.C. at 88, 193 F.2d at 371. The public policy undergirding the eviction control law is not of the same magnitude as the public policies supporting laws and regulations that cannot be waived in contracts

---

**2.** *Hartman v. Lubar,* 77 U.S.App.D.C. 95, 96, 133 F.2d 44, 45 (1942), *cert. denied,* 319 U.S. 767, 63 S.Ct. 1329, 87 L.Ed. 1716 (1943); *see Wisconsin Avenue Associates, Inc. v. 2720 Wisconsin Ave-* *nue Cooperative Ass'n,* 441 A.2d 956, 964–967 (D.C.), *cert. denied,* 459 U.S. 827, 103 S.Ct. 62, 74 L.Ed.2d 64 (1982).

(*e.g.*, the laws against usurious loans, *Hartman, supra* note 2; the rule against enforcing one-sided contracts written by someone in a fiduciary position, *Wisconsin Avenue Associates, supra* note 2). The eviction control statute confers important benefits on tenants, but a tenant may waive those benefits in a valid contract. *See George v. City of Danville*, 315 Ill. App. 17, 18, 42 N.E.2d 300, 301 (1942), *aff'd*, 383 Ill. 454, 50 N.E.2d 467 (1943); 6A CORBIN ON CONTRACTS § 1515 (1962).

It is significant that Jones waived her right to continue the tenancy not in the lease, but in a separate contract. The rights conferred by section 45–2551 cannot be waived in a lease; the statute could be easily circumvented if landlords could insist that persons waive the protection of eviction controls before they even become tenants. *Jack Spicer Real Estate, Inc., supra*, 353 A.2d at 291; *see De Fusco, supra*, 440 A.2d at 732. In this case, however, the contract for sale and the consent judgment were separate from the lease, and there is no indication that this separation was a sham; on the contrary, the contract and the consent judgment were entered into long after the lease had been signed.[3] Furthermore, Jones' agreement to vacate if she did not purchase the property was supported by valid consideration: the landlord dropped his suit for possession and rent due, held an offer for sale at a sum certain open for at least ninety days, and agreed to apply rent money from both the past and the future toward the purchase price.

**3.** Jones does not allege that she was in any way tricked or coerced into agreeing to vacate the premises if she did not follow through on the purchase. *See Biggs v. Stewart, supra*, 418 A.2d

██ We note that our decision is in conflict with language in a recent Superior Court opinion. In *Ryles v. Renfrow*, 113 Daily Wash.L.Rptr. 629 (D.C.Super.Ct. February 20, 1985), the court held that a payment of $300 was in consideration of the tenant's rejection of an offer to purchase the property, and not for a promise to move out in six months. *Id.* at 633. Further, the court opined in dicta that even if the payment had been for the promise to leave in six months, the promise would be unenforceable. *Id.* at 634. This statement, embodied in the last three sentences of the *Ryles* opinion, was incorrect. A landlord should not have to comply with the terms of section 45–2551 if a tenant makes a promise to vacate in exchange for valuable consideration, in an arm's length transaction separate from the lease.

In sum, we hold that the consent judgment and the contract appended to it must be enforced as written, like any other contract, since there is no lawful reason for refusing to enforce them. The order denying the landlord's motion to vacate the stay and allowing the tenant to continue her tenancy by paying back rent under *Trans-Lux* is reversed, and this case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*