Faith MURRELL, Appellant,

v.

CRITERION INSURANCE
CO., Appellee.

No. 85–935.

District of Columbia Court of Appeals.

Argued Oct. 13, 1988.
Decided Dec. 8, 1988.

Melissa Rhea, with whom Robert Cadeaux, Washington, D.C., was on the brief, for appellant.

Ann F. Gillooly, Vienna, Va., for appellee.

Before NEWMAN and STEADMAN, Associate Judges, and REILLY, Senior Judge.

STEADMAN, Associate Judge:

Appellant was covered by Criterion Insurance Company under an uninsured motorist policy.[1] Appellant was a passenger in a taxicab which was hit by an uninsured motorist. The taxicab was insured. Appellant and Criterion entered into arbitration and appellant was awarded $1,868 as compensation for her damages resulting from the accident. Appellant, who was at all times represented by counsel, signed a "release and trust agreement" with Criterion containing a "payback" clause in which she agreed to pay to Criterion any monies she received from a settlement made with anyone involved in the accident, up to the amount of $1,868.[2] Appellant subsequently recovered $1,200 from the insured taxi-

---

1. An uninsured motorist policy provides for direct compensation for damages to those covered by the policy who are injured by an uninsured motorist who is legally liable for such damages. *See* 12A COUCH, COUCH ON INSURANCE 2d § 45:620 (1981).

2. The "payback" clause read:
   Any monies recovered as a result of judgment, settlement, or otherwise, whether obtained as a result of action requested by the Company or not, will be paid to the Company provided, however, any sum recovered in excess of $1,868.00 shall be retained by me, and I hereby covenant and agree that from said monies to be paid to me that I will pay a proportionate share therefrom of the costs, expenses, and attorney fees incurred in the action taken for the recovery of said monies.

cab, paying nothing to Criterion. Criterion sued appellant for breach of the agreement, and was granted summary judgment of $1,200.

Appellant argues that the "payback" clause is void as against public policy, citing cases from other jurisdictions so holding. However, those cases are generally distinguishable; *e.g.*, the insured was unable to obtain full recovery under the terms of the uninsured motorist policy coverage[3] or the clause was deemed violative of an existing mandatory uninsured motorist policy statute.[4] Neither is true here. There is no indication that the arbitration award was constricted by any policy limit and at the relevant time no mandatory uninsured motorist statute existed in the District. In this jurisdiction, "courts will invalidate contract terms that are contrary to public policy only in the clearest of cases and with great caution." *Moore v. Jones*, 542 A.2d 1253, 1255 (D.C.1988) (citation omitted). *See, e.g., Leatherman v. American Family Mutual Insurance Co.*, 52 Wis.2d 644, 190 N.W.2d 904 (1971) (sustaining clause as against public policy attack in absence of statute).

Appellant also argues that the agreement was void for lack of consideration. We disagree. The agreement was made in satisfaction of a disputed claim after arbitration without further appeal to the courts as allowed by D.C.Code §§ 16–4311, –4312 (1981).[5] "Voluntary settlement of civil controversies is in high judicial favor." *Moore v. Jones*, 542 A.2d 1253, 1255 (D.C.1988), quoting *Autera v. Robinson*, 136 U.S.App. D.C. 216, 218, 419 F.2d 1197, 1199 (1969).

AFFIRMED.

**3.** *See Alabama Farm Bureau Mutual Casualty Ins. Co. v. Humphrey*, 54 Ala.App. 343, 308 So.2d 255 (1975).

**4.** *See State Farm Mutual Auto. Ins. Co. v. Taylor*, 725 P.2d 821 (Mont.1986). The typical mandatory uninsured policy statute requires that uninsured motorist coverage be written into all automobile policies issued within that state. Some states allow the insured to reject the coverage. *See* 12A Couch, Couch on Insurance 2d § 45:620 (1981).

**5.** In addition, appellee refers us to the terms of appellant's underlying uninsured motorist policy, which also contains a "payback" clause and which therefore would plainly support the inclusion of a similar clause in the release and trust agreement. However, the policy itself was not made a part of the trial court record and hence is not part of the record before us on appeal.