*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-CV-0898

LEZAH ROBERTS, APPELLANT,

V.

ADVANCED BUILDING DESIGN, INCORPORATED, *et al.*, APPELLEES.

Appeal from the Superior Court
of the District of Columbia
(2022-CA-003610-B)

(Hon. Ebony M. Scott, Motions Judge)

(Submitted March 4, 2025                    Decided July 24, 2025)

*Donald M. Temple* was on the brief for appellant.

Appellees did not file a brief. *Sara Turley* represented them in their motion to dismiss the appeal.

Before BECKWITH, EASTERLY, and DEAHL, *Associate Judges*.

DEAHL, *Associate Judge*:  This is a dispute between Lezah Roberts and Advanced Building Design over the performance of a home renovation contract. Roberts sued Advanced and its director, Jeremy Busse, in the Superior Court, alleging breach of contract, fraudulent misrepresentation, and breach of the implied covenant of good faith and fair dealing. Of particular relevance to this appeal, her

complaint also included a claim under the D.C. Consumer Protection Procedures Act, or CPPA, for unfair trade practices.

The trial court granted Advanced's motion to dismiss Roberts's suit on the ground that the underlying contract included a mandatory forum selection clause designating "a court of competent jurisdiction in Maryland" as the exclusive forum for litigation. Roberts now appeals, arguing that the forum selection clause is unenforceable because it (1) conflicts with the CPPA and (2) is unconscionable. We disagree on both counts and affirm.

## I. Facts

We recount the facts while treating the allegations in Roberts's complaint as true. *Grayson v. AT&T Corp.*, 15 A.3d 219, 228 (D.C. 2011) (en banc).

Roberts entered into a fixed-price contract with Advanced, a Maryland-based architecture and construction firm, to build a handicap-accessible addition to her home in the District. Construction began in 2017, at which point the project was expected to take about six months to complete. Almost two years in, however, it remained unfinished. The project went over budget due to various price increases and change orders during that time and Advanced sought to recoup those overages from Roberts. Roberts initially agreed to cover some of the additional costs even though Advanced had failed to obtain her approval in advance of incurring them, as

required by their contract.  But at some point Roberts had had enough and refused to pay for additional increases to the contract price, and Advanced ceased work on the uncompleted project.

Following Advanced's abandonment of the project, Roberts filed a complaint in the Superior Court alleging several contract-based claims as well as a claim under the CPPA.  Her CPPA claim related to Busse's 2013 representations that Advanced was "licensed to do business in the District," which Roberts later learned was not true, at least not at that time.  In response, Advanced moved to dismiss Roberts's complaint because their contract had a forum selection clause that required any suit on the contract be brought in "a court of competent jurisdiction in the State of Maryland."[1]  That clause read:

> [Roberts] and [Advanced] agree that the laws of the State of Maryland shall govern this Agreement and any legal actions concerning its validity, interpretation and performance.  It is further agreed that any legal action between [Roberts] and [Advanced] arising out of this Agreement or the performance of the services shall be brought in a court of competent jurisdiction in the State of Maryland.

---

[1] Advanced also argued that Roberts's suit was barred because she had not complied with the contract's mediation clause, a point the parties now debate and we do not reach because we affirm on the venue clause alone.

Roberts countered that this forum-selection clause was invalid as to her CPPA claim because the CPPA expressly provides that any action under that statute must be brought in the District's Superior Court.  *See* D.C. Code § 28-3905(k)(2).  She argued that, in light of that language, private parties are not permitted to contract around the statutory mandate that CPPA actions be brought in the District's courts.

The trial court granted Advanced's motion to dismiss on the basis that the contract's forum selection clause required Roberts to bring her claims in Maryland.  Roberts now appeals.

## II. Analysis

Roberts argues that the forum selection clause is unenforceable because (1) it is in direct contravention of the CPPA's requirement that all claims under the Act be brought in the District's Superior Court, and (2) it is unconscionable.  We address these arguments in turn.

### A. The CPPA does not preclude parties from selecting their preferred forum

Roberts's principal challenge to the dismissal of her complaint raises an issue of first impression for this court: She contends that the CPPA precludes parties from privately agreeing to have CPPA claims litigated in any other forum.  That is, when the CPPA says that "[a]ny claim under this chapter shall be brought in the Superior

Court of the District of Columbia," D.C. Code § 28-3905(k)(2), Roberts maintains that language divests parties of their general right to agree to settle their disputes in a different forum. We review this statutory interpretation issue de novo. *King Carpentry, Inc. v. 1345 K St. SE, LLC*, 262 A.3d 1105, 1111 (D.C. 2021).

Private parties' right to freely contract among themselves is a jealously guarded one, with constitutional valance, that courts and legislatures alike do not lightly interfere with. *See* U.S. Const., art. I, § 10, cl. 1 ("No State shall . . . pass any . . . Law impairing the Obligation of Contracts."); *Hubb v. State Farm Mut. Auto. Ins. Co.*, 85 A.3d 836, 839-40 (D.C. 2014) ("Our reluctance to interfere with the freedom to contract is a paramount public policy consideration that has deep roots in this jurisdiction." (internal quotation marks omitted)); Restatement (Second) of Contracts ch. 8, intro. note (1981) ("In general, parties may contract as they wish, and courts will enforce their agreements without passing on their substance.").

As part of the freedom to contract, parties are generally free to agree about how and where any disputes among them will be litigated through forum selection clauses like the one at issue here. *King Carpentry*, 262 A.3d at 1109; *see also Forrest v. Verizon Commc'ns, Inc.*, 805 A.2d 1007, 1010 (D.C. 2002) (explaining that forum selection clauses are "prima facie valid" and will generally be enforced (quoting *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972))); *id.* at 1012

n.13, 1015 (noting that our jurisdiction's policy in favor of enforcing forum selection clauses stems from "traditional concepts of freedom of contract," the "contractual and economic predictability" they foster, and the conservation of judicial resources (internal quotation marks omitted)). We will enforce forum selection clauses unless (1) they "directly conflict with the clear language of an unambiguous statute," *Hubb*, 85 A.3d at 840, or (2) they are "unreasonable under the circumstances," which is roughly synonymous with them being unconscionable. *Yazdani v. Access ATM*, 941 A.2d 429, 431 & n.2 (D.C. 2008) (quoting *Forrest*, 805 A.2d at 1010).

Roberts first argues that this forum selection clause is in direct and express abrogation of the CPPA's requirement that any claim under the statute be brought in the District's Superior Court. We disagree. As we have noted, there is a strong preference that private parties be permitted to select a forum of their choice, so that if the legislature wishes to divest them of that right, it must do so in "clear" and "unambiguous" terms. *Hubb*, 85 A.3d at 840. Yet the CPPA does not say anything at all about whether parties can contract around the statutory default that CPPA claims be brought in the District's courts, a silence that we are bound to interpret as leaving undisturbed the well-settled rule that parties are free to do so. *Cf. Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001) (the legislature "does not . . . hide elephants in mouseholes"). The CPPA simply does not contain a clear and express abrogation of parties' long-settled right to select a forum of their choosing. And

aside from the text, there is nothing in the CPPA's legislative history suggesting that the Council ever sought to divest parties of their forum selection rights, and Roberts has not identified anything along those lines.

Roberts counters that the CPPA speaks in mandatory language when it states that any CPPA claim "*shall* be brought" in the District's Superior Court. D.C. Code § 28-3905(k)(2) (emphasis added). Not only that, but (Roberts continues) the Council specifically amended this portion of the CPPA in 2012—which had once provided only that parties "may" bring their claims in Superior Court—to add this mandatory language that litigants "shall" bring CPPA claims in the Superior Court. Consumer Protection Amendment Act, D.C. Law 19-0282, § 3905(k), 60 D.C. Reg. 9524 (eff. Apr. 3, 2013).

Contrary to Roberts's argument, § 3905(k)(2)'s language simply does not speak in the clear and express terms that are necessary to divest parties of their right to select a forum of their choosing, and nothing in the 2012 amendments or their history suggests otherwise. The D.C. Code is chock-full of mandatory requirements that, as a general rule, litigants are free to waive, forfeit, and contract around unless they are jurisdictional. *See, e.g.*, *Mathis v. D.C. Housing Auth.*, 124 A.3d 1089, 1101-03 (D.C. 2015) (statute providing that "a petition for review *shall* be filed" in particular timeframe is nonjurisdictional requirement subject to ordinary waiver,

forfeiture, and equitable principles).  The fact that § 3905(k)(2) speaks in seemingly mandatory terms is thus no reason to read it as divesting parties of their right to contract around that otherwise mandatory requirement.

For Roberts's argument to have legs, she needs to show that § 3905(k)(2) is akin to a jurisdictional requirement, that is, that the Council "has clearly stated that th[is] rule" upends parties' presumptive right to contract for a forum of their choosing.  *Sebelius v. Auburn Reg. Med. Ctr.*, 568 U.S. 145, 153 (2013) (requiring a clear statement before statutory limitations will be deemed jurisdictional) (internal quotation marks omitted).  The mere use of the word "shall" does not by itself clearly divest parties of their right to contract for a different forum, just as that word does not imbue statutory requirements with jurisdictional force.  *See Mathis*, 124 A.3d at 1102-03 (use of word "shall" does not "imbue" rule or statute "with the force of a statutory jurisdictional mandate" absent "something special" demonstrating that "the legislature meant for noncompliance . . . to have jurisdictional consequences." (internal quotation marks omitted)); *Gonzalez v. Thaler*, 565 U.S. 134, 146 (2012) ("This Court, moreover, has long 'rejected the notion that all mandatory prescriptions, however emphatic, are . . . properly typed jurisdictional.'" (quoting *Henderson v. Shinseki*, 562 U.S. 428, 439 (2011))); *Dolan v. United States*, 560 U.S. 605, 611-12, 620 (2010) (Use of the word "shall" does not render statutory deadline jurisdictional.).

Rather than evincing any type of jurisdictional requirement, the CPPA simply tells consumers who wish to bring a private suit under the CPPA, as § 3905(k) explicitly authorizes, where they must bring their claims in the ordinary course, absent any contrary agreement: Their claims must initially be brought in the Superior Court rather than, say, having an option to bring it before one of the District's agencies. This statutory language serves an important purpose because in the provisions immediately preceding § 3905(k)'s recognition of a private right of action, the Act sets forth a separate procedure by which individuals may file a complaint with the Department of Licensing and Consumer Protection. D.C. Code § 28-3905(a)-(j). Given these two distinct tracks for relief, § 3905(k)(2) serves to make clear that the track selected by Roberts—private actions under the CPPA— should be pursued in the Superior Court, rather than the Department. What it does not do is expressly, unambiguously, or even implicitly divest parties of their rights to contract for a different forum if they so choose. *Cf. Keeton v. Wells Fargo Corp.*, 987 A.2d 1118, 1123 (D.C. 2010) (suggesting that parties can agree to arbitrate CPPA claims).

Because nothing in the CPPA expressly and unambiguously divests parties of their right to select a forum of their choosing, the CPPA does not bar the enforcement of this forum selection, as the trial court correctly determined.

*B. The forum selection clause is not unconscionable*

Roberts also argues that the forum selection clause is unenforceable because it is unreasonable or unconscionable. To make out that claim, Roberts must demonstrate that "(i) the clause was induced by fraud or overreaching, (ii) the contractually selected forum is so unfair and inconvenient as, for all practical purposes, to deprive [her] of a remedy or of [her] day in court, or (iii) enforcement would contravene a strong public policy of the forum where the action is filed." *Forrest*, 805 A.2d at 1012 (internal quotation marks omitted). In the trial court, Roberts's only argument on this point was that the forum selection clause was unreasonable because it contravenes the CPPA's mandate that all claims under the Act be brought in the District's courts. We have already rejected that argument. Now, for the first time on appeal, Roberts raises three additional arguments that sound in unconscionability, which we address in turn.

First, she argues that enforcing this clause would contravene the District's public policy. Setting aside the fact that Roberts arguably did not preserve and therefore potentially forfeited this argument in the trial court—even in that case, appellees did not file a brief and so arguably waived the waiver, *see Rhea v. Designmark Serv., Inc.,* 942 A.2d 651, 655 (D.C. 2008)—we disagree with her on the merits. "Courts will invalidate contract terms that are contrary to public policy

only in the clearest of cases, and with great caution." *Hubb*, 85 A.3d at 839 (quoting *Moore v. Jones*, 542 A.2d 1253, 1255 (D.C. 1988)); *Moore*, 542 A.2d at 1255 (noting "caution is necessary because of the difficulty of defining 'public policy' and of deciding when it cannot yield to the freedom of persons to make legally enforceable contracts"). Enforcing the forum selection clause here is entirely consistent with public policy, given the high premium this court attaches to parties' freedom of contract and judicial economy. To the extent Roberts challenges the contract's choice of law provision as also inconsistent with the District's public policy, she does not explain why Maryland's own consumer protection laws do not provide her with an adequate means of redress. While Maryland's consumer protection laws do not perfectly mirror the District's own, that is virtually always true when parties opt for the law of a different forum, and we detect no injustice in holding the parties to their choice of Maryland law.

Second, Roberts argues that the forum selection clause was unenforceable because it was arrived at through some type of procedural unconscionability—i.e., that she was not given a meaningful choice about whether to agree to it. We see no factual basis for this argument in Roberts's complaint and she never elucidates her point, so we reject it. Roberts did not allege that there was any unfairness in the bargaining process with Advanced, such as a "gross inequality of bargaining power." *Williams v. Walker-Thomas Furniture Co.*, 350 F.2d 445, 449 (D.C. Cir. 1965); *see*

*also Flagstar Bank, FSB v. Advanced Fin. Invs., LLC*, 333 A.3d 851, 860 (D.C. 2025).

Third, Roberts suggests the contract's terms were substantively unconscionable, but she never explains how those terms unreasonably favored Advanced. Advanced would be stuck with the same forum selection clause if the shoe were on the other foot, and it had claims to advance against Roberts. Roberts's "unsupported conclusory allegation . . . that a contract is unenforceable as unconscionable is not enough" to survive a motion to dismiss. *Kenyon Ltd. P'ship v. 1372 Kenyon St. Nw. Tenants' Ass'n*, 979 A.2d 1176, 1187 (D.C. 2009) (quoting *Patterson v. Walker-Thomas Furniture Co.*, 277 A.2d 111, 114 (D.C. 1971)). There is thus no basis to find this forum selection clause unenforceable.

## III. Conclusion

For the foregoing reasons, we affirm the Superior Court's dismissal of Roberts's complaint.

*So ordered.*